IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HORACE BREWINGTON, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE N. PATRICK, et al., | : | |
| Respondent | : | NO. 07-2445 |

**REPORT AND RECOMMENDATION**

CAROL SANDRA MOORE WELLS                                        November 19, 2007
UNITED STATES MAGISTRATE JUDGE

Presently before the court is a Petition for Writ of Habeas Corpus filed by Horace Brewington ("Petitioner"), *pro se*, pursuant to 28 U.S.C. § 2254.  Petitioner is a state prisoner serving a sentence at the State Correctional Institution in Houtzdale, Pennsylvania.  Petitioner seeks habeas relief based on claims of ineffective assistance of counsel and trial court error.  The Honorable Lawrence F. Stengel referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that Petitioner's habeas claims be DISMISSED without an evidentiary hearing.

**I. FACTUAL AND PROCEDURAL HISTORY**[1]

The Pennsylvania Superior Court summarized the facts leading to Petitioner's conviction as follows:

> On September 23, 1998, after a non-jury trial, the trial court found [Petitioner] guilty of involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, sexual assault,

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition, Memorandum of Law in Support of an Application for Habeas Corpus Relief Under 28 U.S.C. § 2254 and the Commonwealth's response, inclusive of all exhibits thereto.

> corrupting a minor, indecent exposure, simple assault, recklessly endangering another person, and possession of an instrument of crime. All convictions arose from the beating and sexual abuse of three minor children while they were living with their mother in [Petitioner's] home. On November 16, 1998, the trial court sentenced [Petitioner] to an aggregate sentence of imprisonment of six and one-half to 13 years to be followed by a total period of probation of 10 years. [Petitioner] did not file a direct appeal.

*Commonwealth v. Brewington*, No. 1532 EDA 2005, slip op. at 1-2 (Pa. Super. Ct. Sept. 14, 2006); Commonwealth Exhibit ("Ex.") H.

On February 15, 2002, Petitioner filed a petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541-46 ("PCRA").[2]  Response ("Resp.") at 1; Ex. A. Court-appointed counsel, in a "no merit" letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988), explained that the PCRA petition was untimely and no exception excused Petitioner's delay. Resp. at 2; Ex. B. Accordingly, on November 14, 2002, the trial court denied PCRA relief. Resp. at 2; Ex. C. On July 28, 2003, the Pennsylvania Superior Court affirmed the denial of PCRA relief. *Commonwealth v. Brewington*, No. 2913 EDA 2002 (Pa. Super. Ct. July 28, 2003); Ex. E. Petitioner did not appeal to the Pennsylvania Supreme Court. Resp. at 2.

Next, on July 25, 2004, Petitioner lodged a direct appeal *nunc pro tunc*. Resp. at 2; Ex. F. The PCRA Court dismissed the application as an untimely second PCRA petition, on June 27, 2005, Resp. at 2; Ex. G. On September 14, 2006, the Pennsylvania Superior Court affirmed and dismissed this second petition. Resp. at 2; Ex. H. Petitioner was refused review in the Pennsylvania Supreme Court, on January 17, 2007. *Commonwealth v. Brewington*, 917 A.2d 844 Pa. 2007) (table).

---

[2] Petitioner asserts that he filed his first PCRA petition in October 1999. *See* Memorandum of Law in Support of an Application for Habeas Corpus Relief Under 28 U.S.C. §2254 ("Pet. Mem.") at 1. However, the Commonwealth has attached a copy of his first PCRA filing, *see* Ex. A., which reflects a filing date of February 15, 2002. Thus, without evidence of an earlier PCRA filing the Court finds Petitioner's assertion to be incorrect.

On June 13, 2007,[3] Petitioner filed this petition for federal habeas corpus relief, *pro se*, claiming that: (1) trial counsel was ineffective for failing to file a direct appeal; 2 (a) trial counsel was ineffective for failing to investigate known witnesses and request a private investigator and 2 (b) PCRA counsel was ineffective for failing to pursue this claim; and (3) trial court error resulted in a denial of due process and equal protection. *See* Petition for Writ of Habeas Corpus ("Pet.") at 9-10; Pet. Mem. at 1-11. The Commonwealth contends that Petitioner's claims are time-barred and should be dismissed. Resp. at 3-10. Viewing the case chronology in a light most beneficial to Petitioner, his claims are untimely and must be dismissed.

## II. DISCUSSION

**A.     The AEDPA Period of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted; it imposes a one year period of limitations ("AEDPA year") for filing habeas corpus petitions. *See* 28 U.S.C. § 2254 (d)(1). The AEDPA time period begins to run on the latest of the following:

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] A *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Petitioner's habeas petition was docketed on June 18, 2007. However, since Petitioner signed his habeas petition on June 13, 2007, this court will assume that he delivered it to prison officials for mailing on that date.

> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The Third Circuit has held that the starting date for the habeas period of limitations must be determined separately for each cognizable claim contained in the petition. *See Fiedler v. Varner*, 379 F.3d 113, 117-18 (3d Cir. 2004).

The usual starting date for the habeas period of limitations, as provided by 28 U.S.C. § 2244(d)(1)(A), is the date a conviction becomes final on direct appeal. *See Fiedler*, 379 F.3d at 116. Based on the procedural history summarized earlier, Petitioner's conviction became final on December 16, 1998, when his thirty day deadline for filing a direct appeal expired. *See Swartz v. Meyers,* 204 F.3d 417, 419 (3d Cir. 1999); Pa. R. App. P. 903(a). Petitioner does not assert that any of his claims implicate alternative starting dates in § 2244(d)(1); hence, his habeas period of limitations began to run for all of his claims on December 16, 1998 and expired a year later. Since the present federal habeas petition was filed on June 13, 2007, more than seven (7) years after the expiration of Petitioner's AEDPA deadline, it is time-barred, unless a tolling exception applies.

**B.     Statutory Tolling**

If, prior to the expiration of his full AEDPA year, Petitioner timely sought collateral review, "[t]he time during which [that] properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see generally Artuz v. Bennett*, 531 U.S. 4, 9 (2000).

Petitioner's untimely PCRA filings did not further extend his AEDPA year. Petitioner filed his first PCRA petition on February 15, 2002, more than two years the AEDPA deadline had already

expired. *See* Ex. A. The PCRA court dismissed his petition as untimely, *see* Ex. B., and the Pennsylvania Superior Court affirmed the dismissal. *See* Ex. C. Petitioner's second PCRA petition, filed on July 25, 2004, exceeded the PCRA deadline by four and a half years, *see* Ex. F., and was consequently, dismissed as untimely. *See* Exs. G and H. The Pennsylvania Superior Court expressly deemed both PCRA petitions late, thus, neither was "properly filed," according to AEDPA requirements and, consequently, did not toll the statutory mandates. *See* 42 Pa. C.S.A. § 9545(b)(3); *Fahy v. Horn*, 240 F.3d 239, 243-44 (3d Cir. 2001). Therefore, unless Petitioner qualifies for equitable tolling, his habeas petition must be dismissed as time-barred.

**C.     Equitable Tolling**

The Third Circuit has held that the one-year period of limitations contained in § 2244(d)(1) does not impose a jurisdictional bar. *See Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 617-18 (3d Cir. 1998). Thus, district courts may equitably toll the one-year period of limitations when the "principles of equity would make [the] rigid application [of a limitation period] unfair." *Id.* at 617. This doctrine will be sparingly invoked, *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d. Cir. 1999), "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To merit equitable tolling, Petitioner must establish two general requirements:

> (1) that "the petitioner has in some way been prevented from asserting his rights [due to extraordinary circumstances];" and (2) that the petitioner has shown that "he or she exercised reasonable diligence in investigating and bringing the claims."

*Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (quoting *Fahy v. Horn*, 240 F.3d at 244).

Inasmuch as Petitioner is not a capital defendant, he must satisfy both of these mandates. *See Merritt*, 326 F.3d at 168-170.

Petitioner is not entitled to equitable tolling as set forth in *Merritt*. First, he has not adduced any proof that the respondents actively misled him, or that they, in any extraordinary way, prevented him from asserting his rights in a timely manner. Also, Petitioner has not demonstrated that he exercised "reasonable diligence" in investigating and pursuing his federal claim inasmuch as he delayed more than seven years beyond the statutory deadline of December 16, 1999, to file this habeas corpus petition. The record, thus, is devoid of factual justification for equitable tolling. Morever, Petitioner has not convinced this court that "rigid application of the statute would be unfair." *Fahy*, 240 F.3d at 245. Accordingly, equitable tolling should be denied and Petitioner's habeas petition, filed on June 13, 2007, dismissed as time-barred.

### III. CONCLUSION

All of Petitioner's claims are time-barred. He has not satisfactorily explained his dilatory behavior; consequently, he is ineligible for either statutory or equitable tolling of the AEDPA one year limitation period. Therefore, federal habeas review is precluded. Furthermore, inasmuch as reasonable jurists would not debate the appropriateness of this court's procedural disposition of his claims, no certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

## **RECOMMENDATION**

AND NOW, this 19th day of November, 2007, for the reasons contained in the preceding report, it is hereby RECOMMENDED that petitioner's claims be DISMISSED, without an evidentiary hearing. Petitioner has neither met statutory requirements nor shown equitable reasons to overcome AEDPA's time bar to entitle him to a decision on the merits. Moreover, Petitioner has not established that any reasonable jurist could find this procedural ruling flawed. Therefore, there is no probable cause to issue a certificate of appealability.

It be so **ORDERED.**

*/s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE